UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL TINEO,

          Petitioner,

-against-

OPINION AND ORDER
09-CV-3357 (SJF)

PHILIP HEATH, Supt.,

          Respondent.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

By Opinion and Order dated September 19, 2012 ("Order"), this Court denied Michael Tineo's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. DE 23. On September 16, 2013, petitioner filed a motion pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b) to vacate that portion of the Order which deemed his ineffective assistance of appellate counsel claim abandoned on the ground it was not raised in his petition. For the following reasons, petitioner's motion is **DENIED**.

## Background

On January 9, 2006, a judgment of conviction was entered against petitioner in the Supreme Court of the State of New York, Suffolk County, based upon his plea of guilty to murder in the second degree, criminal possession of a controlled substance in the third and fourth degrees, criminal possession of a weapon in the second and third degrees, reckless endangerment in the first degree, criminal mischief in the fourth degree and resisting arrest. On July 24, 2009, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. DE 1. On August 19, 2009, petitioner moved to amend his petition to include a claim for ineffective assistance of appellate counsel (DE 5), which motion was granted and the claim was

deemed incorporated into the petition. DE 6. The Order, however, inadvertently held that petitioner's ineffective assistance of appellate counsel claim was deemed abandoned because the claim was not in the original petition. DE 23 p. 18 n.3.

Petitioner now moves to vacate the judgment pursuant to FRCP 60(b). He claims that the Court's error foreclosed review of a claim that was properly exhausted and raised in his petition. DE 30 p. 3. Petitioner also claims that the error resulted in a finding that his totality of the circumstances claim was procedurally defaulted. *Id.*

## Discussion

### *Federal Rule of Civil Procedure 60(b)*

Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A grant of relief under Rule 60(b), entrusted to the sound discretion of the trial court, depends upon the parties and the circumstances of each case. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). "A Rule 60(b) motion should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *PG 1044 Madison Assocs., L.L.C. v. Sirene One*, L.L.C., 229 F.R.D.450, 452 (S.D.N.Y. 2005). "Rule 60(b) provides extraordinary relief, and a motion thereunder may only be granted upon a showing of exceptional circumstances." *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). The party seeking relief under Rule 60(b)

bears the burden of proof. *PG 1044 Madison Assocs., L.L.C.*, 229 F.R.D. at 452. In the Second Circuit, a Rule 60(b) motion "cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (citing *Mastini v. Amer. Tel. & Telegraph Co.*, 369 F.2d 378, 379 (2d Cir. 1966)).

Rule 60(b) applies to habeas corpus cases and may be used to reopen a habeas proceeding. *Williams v. Donnelly*, No. 99 Civ. 6051, 2011 WL 815689, at *2 (W.D.N.Y. Mar. 2, 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). However, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). *See Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001) ("We now rule that a motion under Rule 60(b) to vacate a judgment denying habeas is not a second or successive habeas petition and should therefore be treated as any other motion under Rule 60(b).").

Conversely, "a Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).' " *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Because petitioner attacks the integrity of the underlying habeas proceeding, the Court shall decide this motion pursuant to FRCP 60(b).

*Petitioner's Rule 60(b) Motion*

Although petitioner does not identify a specific subsection, Rule 60(b)(1) "provides the district court with discretion to relieve a party from a final judgment or order because of 'mistake, inadvertence, surprise, or excusable neglect,' including the district court's own mistake of fact."[1] *Niederland v. Chase*, 425 Fed. App'x 10, 11 (2d Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(1)). However, "Rule 60(b)(1) motions to reopen based on district court mistakes are generally deemed untimely if made after the deadline for filing a notice of appeal." *Id.* at 12. *See Colucci v. Beth Israel Med. Ctr.*, 531 Fed. App'x 118, 120 n.3 (2d Cir. 2013) (holding that Rule 60(b)(1) motions are time barred once the time to appeal a judgment has expired); *Niederland*, 425 Fed. App'x at 12 ("Rule 60(b)(1) motions to reopen based on district court mistakes are generally deemed untimely if made after the deadline for filing a notice of appeal."); *Manney v. Intergroove Media GMBH*, No. 10 Civ. 4493, 2014 WL 1224171, at *3 (E.D.N.Y. Mar. 24, 2014) ("A motion seeking relief under Rule 60(b)(1) is not permitted 'past the deadline for filing a notice of appeal.' ") (quoting *In re 301 Associates*, 346 F.3d 31, 35 (2d Cir. 2003)). The purpose of the time limit is to prevent Rule 60(b)(1) from being used as a substitute for a direct appeal from an allegedly erroneous judgment. *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) (citing *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962); *Wagner v. United States*, 316 F.2d 871, 872 (2d Cir. 1963)).

Petitioner filed his Rule 60(b) motion on September 16, 2013, nearly one (1) year after

---

[1] Although earlier cases applied Rule 60(b)(1) to correct a court's mistake of law, in *Cappillino v. Hyde Park Central School District*, 135 F.3d 264 (2d Cir. 1997), the court "implicitly extended this rule to the correction of mistakes of fact." *In re 301 Associates*, 346 F.3d 31, 35 (2d Cir. 2003).

this Court issued its Order holding that petitioner abandoned his ineffective assistance of appellate counsel claim. Pursuant to Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal must be filed within thirty (30) days after entry of the judgment or order appealed from. *See also* 28 U.S.C. § 2107(a) (requiring notice of appeal to be filed within thirty (30) days after entry of the judgment, order or decree). Accordingly, petitioner's motion to correct the Court's September 19, 2012 Order is time barred.

Rule 60(b)(6) allows for the reopening of a judgment or order "for any other reason that justifies relief' . . . and 'confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case.' " *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *Matarese v. Le Fevre*, 801 F.2d 98, 106 (2d Cir. 1986)). "Relief is warranted 'where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served.' " *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese*, 801 F.2d at 106). However, relief under Rule 60(b)(6) is only available if Rules 60(b)(1)-(5) do not apply. *ISC Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 109 (2d Cir. 2012). *See Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) ("Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)."); *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 898 (2d Cir. 1983) ("Rule 60(b)(6) is a broadly drafted 'umbrella provision,' which must be read in conjunction with the other sections of that Rule, and is applicable only where the more specific provisions do not apply.").

Petitioner's 60(b) motion pertains to an error regarding his ineffective assistance of

appellate counsel claim, which falls squarely within the ambit of 60(b)(1), and, consequently, relief under 60(b)(6) is foreclosed.

Moreover, substantial justice will not be served by a grant of relief under 60(b)(6). Petitioner's ineffective assistance of appellate counsel claim alleges that his appellate attorney "failed to include key issues predicated on the involuntariness of the confession in this case, and instead decided to include a non-meritorious argument." DE 5 at p. 2.

"In the appellate context, it is not enough for a petitioner to simply argue that counsel did not raise certain non-frivolous arguments on appeal, as no duty to raise every such argument exists." *Gomez v. Brown*, 655 F. Supp. 2d 332, 360 (S.D.N.Y. 2009). *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985) (holding that a criminal defendant's right to counsel is limited to the first appeal as of right and "the attorney need not advance every argument, regardless of merit, urged by the appellant") (internal citation omitted). " 'To establish prejudice in the appellate context, a petitioner must demonstrate that there was a reasonable probability that his claim would have been successful' before the state's highest court." *Gomez*, 665 F. Supp. 2d at 361 (quoting *Hemstreet v. Greiner*, 367 F.3d 135, 142 (2d Cir. 2004)).

Petitioner raised the issue of ineffective assistance of appellate counsel to the New York State Supreme Court, Appellate Division, Second Department on December 23, 2008 by petition for a writ of error coram nobis. After the petition for a writ was denied, petitioner appealed to the New York Court of Appeals, which denied leave to appeal. *People v. Tineo*, 906 N.E.2d 1099 (N.Y. 2009). Accordingly, petitioner cannot establish a reasonable probability that his claim would have been successful before New York's highest court and consequently, his ineffective appellate counsel claim does not warrant extraordinary relief under 60(b)(6).

## Conclusion

For the foregoing reasons, petitioner's motion to vacate the judgment pursuant to FRCP 60(b) is **DENIED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 8, 2014
       Central Islip, New York

                                            s/ Sandra J. Feuerstein

                                            Sandra J. Feuerstein, U.S.D.J.